IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JONATHAN WATSON | § | |
| v. | § | CIVIL ACTION NO. 6:10-CV-516 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. Plaintiff contends in his objections that (1) the ALJ's Step Five finding regarding the availability of "significant numbers" of jobs given Plaintiff's residual functional capacity ("RFC"), age, education and experience is not supported by substantial evidence and (2) contrary to the Magistrate Judge's Report and Recommendation, Plaintiff did contest the ALJ's credibility finding.

The Magistrate Judge found that the ALJ properly considered pertinent factors in determining that the jobs identified by the testifying vocational expert exist in significant numbers in the regional or national economy. Plaintiff has raised a number of points in support of his first issue, but focuses heavily on his position that a total of 270 jobs in the state of Texas is too low to be a "significant number." His single-visioned focus on regional jobs, or jobs in the state of Texas, continues to ignore the much greater availability of jobs in the national economy, as the Magistrate Judge

observed in her Report and Recommendation. Indeed, even after the vocational expert eroded the number of jobs available on the specifics of Plaintiff's RFC, there remained 5,500 jobs in the national economy, as the Magistrate Judge explicitly found but which Plaintiff has completely ignored. Plaintiff himself points out that there is no bright line for determining a "significant number," but that most courts use the balancing of factors the Magistrate Judge found in the ALJ's decision here. Nonetheless, even if 270 jobs in the state is a low number, the countervailing number of jobs nationally, which Plaintiff has not argued is not "significant," is sufficient. *See*, *e.g.*, *Martinez v. Astrue*, 2011 WL 2912817, at *9 (D. Utah July 18, 2011) (as few as 300 jobs in Utah economy but 30,000 in national economy is significant number of jobs); *Coatney v. Callahan*, 125 F.3d 861, 1997 WL 574827, at *1 (5th Cir. Aug. 19, 1997) (per curiam) ("jobs are not required to be in the claimant's state or region, but the must exist in significant numbers in the 'national economy,'" citing 20 C.F.R. § 404.1566(b)).

Plaintiff again raises the issues of his lack of skill and experience and his ability to travel out of the area for work, as he did in his briefs. However, he cannot avoid the fact that the jobs the vocational expert identified are all at the "unskilled" level and his lack of prior experience or a "skilled" job is immaterial. He also contends that the record shows that he cannot make change or count money; his mother testified that he could not do household chores; and that a middle school teacher opined in a Transition Planning Teaching Questionnaire designed for transitioning students to higher grades that Plaintiff would not be able to "find[ ] or hold[ ] a job after graduation," all of which the Magistrate Judge addressed in full. In particular, the same eighth-grade teacher who prepared the transitional questionnaire opined that Plaintiff should nonetheless receive "Vocational Instruction" and/or "Technical/Trade School." Tr. at 286. That reflects the nature of the questionnaire - to plan the best educational opportunity for the then-student to prepare for life. Finally, there is little doubt that Plaintiff benefits from living with his parents. However, there is

nothing in the record demonstrating that he must rely on them as he argues in his opposition. He testified he is capable of driving, goes out independently, has hobbies for which he is not reliant on his parents, does in fact do household chores and takes care of his personal needs. In his own words, he testified that his only problems working at a job would be , "[e]ither food[1] or the money situation, and lifting stuff." Tr. at 53-54. However, the jobs the vocational expert identified do not involve either money-handling or food preparation or even handling.

Plaintiff also raises the fact that when the ALJ asked the vocational expert whether there were jobs available in response to his hypothetical question, the vocational expert started his comment with, "Not in significant numbers, Judge." Plaintiff contends that the vocational expert therefore testified as to the numerical significance of the jobs. Even if that were true, which the Court does not necessarily accept on a brief opening statement without further explanation, the ALJ's analysis is sufficient to support his determination that the number of jobs reported by the vocational expert is indeed significant for the purposes of finding Plaintiff "not disabled."

Plaintiff's objection is without merit.

In his second argument, Plaintiff contends that the ALJ did not properly determine that he is capable of sustaining work-related activities. The ALJ stated Plaintiff's RFC as:

> . . . prior to attaining age 22 the claimant had the residual functional capacity to perform a restricted range of light work as defined in 20 C.F.R. § 404.1567(b). Specifically, he retained the residual functional capacity to lift and/or carry 10 pounds maximum; stand for 4 hours in an 8 hour workday; sit for 4 hours in an 8 hour workday; change positions to stretch 2-3 minutes at 1 hour intervals; no climbing ropes, ladders, scaffolds; no climbing; no crawling or balancing; remaining postural occasional; no temperature extremes; well ventilated area; no heights; no work with hazardous machinery or in close proximity; no contact with vibrating machinery; no reading, writing or math computation; 1 or 2 step simple work (to avoid stress); no complex or detailed instructions; and no work with or around food.

---

[1] Referring to mixing food and being around greasy or raw food.

*See* Tr. at 16. Plaintiff contends that this does not sufficiently comply with SSR 96-8p. However, SSR 96-8p requires that "[i]n assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *See* SSR 96-8p; *Bryant v. Astrue*, 272 Fed. Appx. 352, 356 n.3 (5th Cir. 2008) (per curiam). That is precisely what the ALJ in his RFC determination, above. Although Plaintiff points out that Plaintiff was assessed as throwing up and leaving class, for example by early grammar school teachers long before the relevant period, Plaintiff "does not identify any evidence of *particular limitations* that were not found by the ALJ." *Bryant*, 272 Fed. Appx. at 356 (emphasis added). He simply has not provided evidence of an actual functional limitation not already addressed by the ALJ and included in his RFC formulation. Moreover, the ALJ took into consideration whether Plaintiff could maintain employment. In concert with the vocational expert, he reduced the number of jobs available based on the specific limitations of the RFC he determined. Tr. at 74-75. Further, he, or counsel in the ALJ's presence, examined the vocational expert regarding the effect of absenteeism on Plaintiff's ability to "maintain competitive employment." Tr. at 78. Therefore, the ALJ was not required to make a separate finding on the ability to work on a sustained basis. *Wilson v. Barnhart*, 210 Fed. Appx. 448, 451 (5th Cir. 2006) (per curiam).

Plaintiff also takes issue with the Magistrate Judge's determination that Plaintiff did not contest the ALJ's credibility finding, which undercuts Plaintiff's subjective evidence. Based on Plaintiff's opening and reply briefs, the Magistrate Judge's observation is fair and accurate. Plaintiff now contends, for the first time in his objections, that his argument regarding the ALJ's RFC finding should be read as contesting the credibility finding as well. However, the ALJ's credibility finding was based on a specific set of criteria and facts enumerated in his decision. *See* Tr. at 18. Plaintiff

4

did not address this reasoning at all. His argument was not raised in his opening or reply briefs, but was instead first argued in his objections to the Magistrate Judge's Report and Recommendation. Therefore, the issue was not properly raised before this Court and will not be considered. *See Rodriguez v. Apfel,* 139 F.3d 898, 1998 WL 127813, at *4 (5th Cir. 1998) ("The general rule is that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court, and therefore cannot be raised on appeal."); *Cupit v. Whitley,* 28 F.3d 532, 535 n.5 (5th Cir. 1994) (in enacting the federal Magistrate Judge Act, 28 U.S.C. § 631, *et seq.*, "Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for de novo review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge - 'absent compelling reasons'"), *cert. denied,* 513 U.S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995); *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir. 1992); *Harrison v. Smith,* 83 Fed. Appx. 630, 631 (5th Cir. 2003) (per curiam) ("[t]he district court did not err in refusing to allow [plaintiff] to use his objections to the magistrate judge's report and recommendation to further amend his amended complaint.").

Therefore, Plaintiff's objections will be overruled. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**It is SO ORDERED.**

SIGNED this 2nd day of February, 2012.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE